## ORANGE RICE MILL CO. v. NOGUESS.
### (No. 1131.)

(Court of Civil Appeals of Texas. Beaumont. June 17, 1924. Rehearing Denied June 25, 1924.)

1. **Bailment** ⟨⟩30—**Variance held not to exist.**

In action to recover money based on defendant's sale of plaintiff's rice, delivered to defendant to clean and prepare for market, and defendant's unauthorized retention of proceeds, held, that plaintiff did not plead a contract of bailment and prove a contract of sale.

2. **Bailment** ⟨⟩30—**Allegations on which no claim based not required to be proved.**

Where plaintiff alleged delivery of rice to defendant to clean and prepare for market, and defendant's sale thereof at a greatly reduced price, without plaintiff's consent and retention of part of proceeds, but sought to recover only the amount so retained, he was not required to prove the unauthorized sale at a reduced price.

3. **Bailment** ⟨⟩16—**Plaintiff held entitled to recover proceeds of sale of his rice sold by defendant.**

Where defendant sold plaintiff's rice, delivered to him to clean and prepare for market, and retained part of proceeds to satisfy claim for advertising by third person with whom plaintiff had no contractual relations, plaintiff was entitled to recover the amount retained.

4. **Appeal and error** ⟨⟩1171(2)—**Judgment apparently excessive by $1.05 held to come within rule, "Lex non curat de minimis."**

Where a judgment for plaintiff exceeded by $1.05 the amount he was apparently entitled to, but no effort was made by defendant to reduce the verdict, the appellate court would not disturb the judgment as being excessive on the theory, "Lex non curat de minimis."

5. **Accord and satisfaction** ⟨⟩12(1)—**Compromise and settlement** ⟨⟩5(2)—**Delivery and acceptance of check held not to show accord and satisfaction.**

Where the check plaintiff received from defendant in a certain amount, with a written statement indorsed thereon, "Full and complete settlement, net proceeds," of designated number of bags of rice was delivered and accepted with the understanding that it did not include an amount retained for specified purpose, there was no accord and satisfaction.

Appeal from Orange County Court; Ed S. McCarver, Judge.

Action by Asa Noguess against the Orange Rice Mill Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Holland & Holland, of Orange, for appellant.

O. R. Sholars, of Orange, for appellee.

WALKER, J. On the verdict of a jury trying this case, construed in the light of the evidence, it appears that appellee delivered to appellant certain rice on a contract that appellant was to mill and sell the rice for the account of appellee and pay him the net proceeds of the sale; that appellant milled the rice and sold it under the contract and accounted for and paid appellee all of the proceeds of the rice, except $380. It appears that this sum was retained by appellant without the consent of appellee to protect it against a suggested demand on the part of the Southern Rice Growers' Association. Appellant contended, when it made the settlement with appellee, that the Southern Rice Growers' Association was claiming against it a certain sum for commissions and advertising in handling appellee's rice crop. It was the contention of appellee that he had no contract with the Southern Rice Growers' Association, which contention was sustained by the jury, which found that appellant was wrongfully withholding from appellee $380, due him from the sale of his rice. Appellant, in settling with the Southern Rice Growers' Association on the accounts of its many customers, paid to it the sum withheld from appellee.

[1-3] Appellee pleaded his case as follows:

"That during the latter part of the year 1920 plaintiff left in the care and keeping of the defendant, 2,915 barrels of rice, the property of plaintiff and which rice defendant cleaned and prepared for market for the use and benefit of plaintiff, and in the year 1922 defendant acting by and through its agent sold all of said rice at a greatly reduced price from what same should have been sold for and without authority from plaintiff and without knowledge and consent of this plaintiff and that said defendant has retained of the proceeds of said rice $380 without the knowledge and consent of this plaintiff and has appropriated the same to the use and benefit of the defendant, the said Orange Rice Mill Company; that said defendant had no title, interest nor property in said rice, but held the same in trust for this plaintiff, and though often requested to pay the said money to this plaintiff the defendant has refused and still refuses to pay the same or any part thereof to the plaintiff's damage in the sum of to wit, $380."

Under this pleading we cannot sustain appellant's contention that appellee pleaded a contract of bailment and proved a contract of sale. Appellee based his right to recover on the ground that appellant had sold his rice and had "retained of the proceeds of said

rice $380." He was not asking for any relief on the ground that appellant had violated any trust relation, nor that appellant had sold his rice without his consent, nor that appellant had sold it at a greatly reduced price. These allegations had nothing at all to do with appellee's cause of action, and, though pleaded by him, were not required to be proved. He proved the ownership of the rice, which appellant conceded; he proved the sale of the rice by appellant, which it conceded; he proved the payment to him of all the proceeds of the rice except the sum retained by appellant, which appellant conceded; he proved that he demanded this sum of appellant and that appellant refused to pay it on the contention that the Southern Rice Growers' Association might present a demand against it; he proved that he was under no contract with the Southern Rice Growers' Association, or, to state it defensively, the appellant failed to prove that appellee was under a contract with the Southern Rice Growers' Association. These facts established appellee's right to recover. There was no variance between his allegations and proof.

[4] The judgment was not excessive. Appellant gave to appellee a written statement showing an unpaid balance of $378.95. No effort was made in the trial court to reduce the jury's verdict from $380 to $378.95. This small difference comes within the maxim, "Lex non curat de minimis."

[5] There was no accord and satisfaction. While appellee received from appellant a check on account for $5,905.81 with the written statement indorsed thereon "Full and complete settlement, net proceeds, of four thousand one hundred and six (4,106) bags rice milled, five thousand nine hundred five and 81/100 ($5,905.81) dollars," it clearly appears that that check was delivered by appellant and accepted by appellee with the understanding that it was for "net proceeds" and did not include the $378.95 withheld pending adjustment with Southern Rice Growers' Association.

The judgment of the trial court is in all things affirmed.